**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*Lloyd Baker*
Case No. 7:20-cv-39

*Stephen Hacker*
Case No. 7:20-cv-131
_____/

## ORDER

On November 2, 2020, the Court conducted a telephone hearing to address two outstanding motions by Defendants in these MDL Bellwether Plaintiffs' cases: (1) Defendants' Motion to Compel Documents from Plaintiff Lloyd Baker and Ms. Cindy Baker, Case No. 7:20-cv-39-MCR-GRJ (N.D. Fla.), ECF No. 20; (2) Defendants' Motion to Compel Supplemental Production from Plaintiff Stephen Hacker, Case No. 7:20-cv-131-MCR-GRJ (N.D. Fla.), ECF No. 24.  Prior to the hearing, Plaintiffs Baker and Hacker filed responses to Defendants' respective motions.  *See* Case No. 7:20-cv-39-MCR-GRJ (N.D. Fla.), ECF No. 29 (Plaintiff Baker's response); Case

No. 7:20-cv-131-MCR-GRJ (N.D. Fla.), ECF No. 28 (Plaintiff Hacker's response).

For the reasons discussed on the record (which are fully incorporated herein) and those explained below, Defendants' Motion to Compel Documents from Plaintiff Baker and Ms. Baker is due to be **GRANTED IN PART and DENIED IN PART**, and Defendants' Motion to Compel Supplemental Production from Plaintiff Hacker is due to be **GRANTED**. This order is a non-exhaustive recitation of the arguments made by the parties, as well as the Court's reasoning.

## I. BACKGROUND

This multidistrict litigation is a products liability action concerned with whether Defendants were negligent in their design, testing, and labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2"). Plaintiffs are servicemembers, veterans, and civilians, asserting state law claims for negligence and strict products liability based on design defect and failure-to-warn theories, as well as warranty, misrepresentation, fraud, gross negligence, negligence *per se*, and consumer-protection claims. They are seeking damages for hearing loss, tinnitus, and related injuries caused by their use of the CAEv2.

The parties engaged in case-specific discovery related to the Bellwether Plaintiffs' claims and Defendants' defenses. To facilitate the Trial Group A Bellwether Plaintiffs' responses to Defendants' March 12, 2020, Requests for Production, the parties negotiated and proposed the entry of Pretrial Order No. 42. MDL ECF No. 1171.[1] Pretrial Order No. 42 governed the "Bellwether Plaintiffs' identification, collection, and production of relevant and responsive electronically stored information ('ESI')." *Id.* at 1. Bellwether Plaintiffs were directed to conduct a "reasonable investigation" of, among other ESI sources, "any email accounts used by [him]—whether stored locally or in a cloud-based system (*e.g.*, Gmail, Yahoo, and Hotmail)." *Id.* at 2. This investigation including running specific such terms, such as "hear," "hearing," "ear," and "ears." *Id.* at 4. Pretrial Order No. 42 also set forth the processes for linear review, production of ESI, and certification of compliance. *Id.* at 4–6. The Trial Group A Bellwether Plaintiffs' deadline for productions and certifications was July 8, 2020. *Id.* at 6.

Relevant here, Pretrial Order No. 42 does not address or require supplementation of ESI production and certification consistent with the

---

[1] For ease of reference, citations to the docket in the multidistrict litigation (Case No. 3:19-md-2885-MCR-GRJ (N.D. Fla.)) are stated as "MDL ECF No. __."

3

procedure outlined therein.  Indeed, the only mention of supplementation is in a footnote, which states: "Pursuant to the requirements of Federal Rule [of Civil Procedure] 26(e) which requires a party to supplement its discovery responses if it 'learns that in some material respect the disclosure or response is incomplete or incorrect'; Plaintiffs' maintain the right to supplement[] the certification if new information comes to light." *Id.* at 5 n.2.

A party who responds to a request for production, or otherwise makes a disclosure under Federal Rule of Civil Procedure 26(a), is required to timely supplement its disclosure or response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"  Fed. R. Civ. P. 26(e)(1)(A).

## II.  MOTION TO COMPEL AS TO PLAINTIFF BAKER AND MS. BAKER

On July 8, 2020, Plaintiff Baker produced to Defendants a collection of ESI documents.  Case No. 7:20-cv-39-MCR-GRJ, ECF No. 20 at 3.  The following month, on August 20, 2020, Defendants served on Plaintiff Baker a "Second Set of Requests for Production[,]" which demanded production of "[a]ll communications or other [d]ocuments created, generated, or

4

received since [Pretrial Order No.] 42 and which are responsive to the foregoing requests for production in this case." ECF No. 20-1 at 7. Additionally, on September 3, 2020, Defendants served a subpoena duces tecum on Ms. Baker requesting the production of electronic discovery relevant to this litigation, such as communications through text messaging, iMessage, and Facebook Messenger.  ECF No. 20-2.  Ms. Baker, through counsel, informed Defendants she did not have responsive documents, and Defendants did not receive any additional ESI from Plaintiff Baker.  ECF No. 20-3.  On September 15, 2020, however, Defendants learned through third-party discovery from two individuals (Brian Dimoff and Jonathan Romero) that Plaintiff Baker continued to have communications related to his lawsuit and claims that were not produced.  ECF No. 20 at 4.

When Defendants sent Plaintiff Baker and Ms. Baker a follow-up request on October 5, 2020, ECF No. 20-7, Plaintiff Baker objected on the bases that "ESI production was not outlined under [Pretrial Order No.] 42 and Defendants have made no effort to discuss the need for supplementation prior to [their] October 5, 2020, letter[,]" ECF No. 20-8. The instant motion to compel followed, in which Defendants ask the Court to compel Plaintiff Baker "to produce additional ESI created, generated, or received on or after July 8, 2020, which are responsive to Defendants' First

5

Set of Requests for Production." ECF No. 20 at 6.  Defendants also request the Court compel Ms. Baker to collect and produce "all non-privileged, responsive documents that she failed to produce in the first instance."  *Id.* at 6.

Plaintiff Baker responds that any order compelling supplementation under Federal Rule of Civil Procedure 26(e) is improper because he complied with the collection and certification protocol set forth in Pretrial Order No. 42, Defendants do not state with particularity what discovery he has failed to produce in response to their discovery requests, Defendants already have the materials sought, and Defendants' request is not proportional to the needs of this case.  ECF No. 29 at 12–16.  Ms. Baker argues that Defendants' motion concerning her production (or lack thereof) should fail because this Court does not have jurisdiction to hear Plaintiff's motion under Rule 45 and, even if there is jurisdiction, she does not have a duty to supplement under Rule 45.  *Id.* at 17–19.

At the hearing, the parties narrowed the supplementation dispute between Defendants and Plaintiff Baker.  Defendants argued that Rule 26(e) applies, and, consequently, requires supplementation of Plaintiff Baker's responses to the First Request for Production, including through the production of ESI in accordance with Pretrial Order No. 42.  However,

6

Defendants explained they were not asking Plaintiff Baker, or any other Trial Group A Bellwether Plaintiff, to undertake a new ESI collection consistent with the protocol set forth in Pretrial Order No. 42, just a "reasonable investigation" of discovery responsive to their First Request for Production.  Plaintiff Baker did not meaningfully contest Defendants' assertion that Rule 26(e) applied but contended that requiring a new forensic examination under Pretrial Order No. 42 at undetermined and sporadic times before Plaintiff Baker's trial would be disproportionate to the needs of this case and unlikely to result in the production of relevant discovery.

The Court concludes that Plaintiff Baker, like the other Trial Group A Bellwether Plaintiffs, has an obligation to supplement his ESI production under Federal Rule of Civil Procedure 26(e) with ESI that post-dates his last production responsive to Defendants' Requests for Production.  As Defendants concede, Pretrial Order No. 42 did not establish a protocol for supplementation, and, in the Court's view, it would be disproportionate to the needs of this case to require Plaintiff Baker to undertake an entirely new forensic collection, linear review, and production for discovery that would be of marginal relevance.  Plaintiff Baker, therefore, must conduct only a reasonable inquiry and inspection to determine whether responsive

7

ESI may exist for supplementation. If it may, Plaintiff will conduct a reasonable search (post-dating the last production), determine whether non-privileged ESI is responsive to Defendants' Requests for Production, and produce responsive discovery. Supplementation will be made on a date-certain, not on a monthly or otherwise regular basis, and the parties will agree on such a date in a meet and confer process.[2] Production will occur at a point in time that will enable Defendants to utilize this information at trial.

At the hearing, Ms. Baker contended her production was correct at the time it was made. Therefore, this is an issue of supplementation. Putting aside jurisdictional issues, the Court concludes that Ms. Baker does not have an obligation to supplement her response to Defendants' subpoena duces tecum. *See Axis Ins. Co. v. Terry*, No. 2:16-cv-1021-JHE, 2018 WL 9943824, at *3 (N.D. Ala. Jan. 23, 2018) ("Unlike Rule 26, Rule 45 does not contain a duty to supplement."); *Alexander v. F.B.I.*, 192 F.R.D. 37, 38 (D.D.C. 2000) ("A non-party served with a subpoena duces tecum is under no duty to supplement its discovery responses[.]").

---

[2] Should the parties fail to agree on a date certain for supplementation, the undersigned advised them to reach out to the Court for resolution.

In sum, Defendants' Motion to Compel is due to be granted in part and denied in part.  Plaintiff Baker must supplement his July 8, 2020, ESI production consistent with this order.  Rule 45 imposes no such obligation on Ms. Baker in response to Defendants' subpoena duces tecum.

### III.  MOTION TO COMPEL AS TO PLAINTIFF HACKER

On July 8, 2020, Plaintiff Hacker produced to Defendants a collection of ESI documents.  Case No. 7:20-cv-131-MCR-GRJ (N.D. Fla.), ECF No. 24 at 3.  Like with Plaintiff Baker, on August 25, 2020, Defendants served on Plaintiff Hacker a "Second Set of Requests for Production[,]" which demanded production of "[a]ll communications or other [d]ocuments created, generated, or received since [Pretrial Order No.] 42 and which are responsive to the foregoing requests for production in this case."  ECF No. 24-1 at 8.  Defendants say in their motion that on October 1, 2020, they learned Plaintiff "Hacker continues to create and receive documents responsive to" Defendants' discovery requests through third-party discovery.  ECF No. 24 at 1.  Defendants ask the Court to compel Plaintiff Hacker "to produce all known all known responsive material and all nonprivileged documents created, generated, or received on or after [Plaintiff] Hacker's July 8, 2020[,] ESI production that are responsive to Defendants' First Set of Requests for Production."  *Id.* at 2.

9

The Court concludes, as the parties stated at the hearing, that the resolution of Defendants' motion as to Plaintiff Baker applies equally to Defendants' motion as to Plaintiff Hacker.  Therefore, Defendants' Motion to Compel is due to be granted to the extent Plaintiff Hacker must supplement his July 8, 2020, ESI production consistent with the procedure described above.

## IV.  CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Compel Documents from Plaintiff Baker and Ms. Baker, Case No. 7:20-cv-39-MCR-GRJ, ECF No. 20, is **GRANTED IN PART and DENIED IN PART**.

2. Defendants' Motion to Compel Supplemental Production from Plaintiff Stephen Hacker, Case No. 7:20-cv-131-MCR-GRJ (N.D. Fla.), ECF No. 24, is **GRANTED**.

3. Bellwether Plaintiffs Baker and Hacker must supplement their July 8, 2020, ESI productions consistent with the procedure described in this order.  Ms. Baker is not required to supplement her response to Defendants' subpoena duces tecum.

**DONE AND ORDERED** this 5th day of November 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge