**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*Stephen Hacker*
Case No. 7:20-cv-131
_____/

**AMENDED ORDER**[1]

Pending before the Court is Defendants' Motion to Preclude Testimony from [Plaintiff's] Experts Relating to Conditions that [Plaintiff] Claims Other than Hearing Loss and Tinnitus.  ECF No. 36.  Plaintiff Stephen Hacker has filed a response in opposition, ECF No. 55, and the motion, therefore, is ripe for consideration.  For the reasons explained below, Defendants' motion to preclude testimony is due to be **GRANTED**.

Plaintiff Hacker is a Trial Group A Bellwether Plaintiff in this multidistrict litigation, a collection of products liability actions concerned with whether Defendants were negligent in their design, testing, and

---

[1] This order is amended to correct Plaintiff Hacker's response to Interrogatory No. 73, as quoted on Page 3 and discussed on Pages 6–7.

labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2"). Plaintiffs are servicemembers, veterans, and civilians seeking damages in this action for hearing loss, tinnitus, and related injuries caused by their use of the CAEv2. MDL ECF No. 704.

Ten months ago, Defendants asked the Court to compel the Bellwether Plaintiffs to execute authorizations permitting the production of their entire mental health records from third-party (non-government) providers. The Court—applying the majority rule—held that the Bellwether Plaintiffs did not place their mental health "in controversy" merely by requesting damages for "garden variety" mental anguish or emotional distress. MDL ECF No. 1065 at 6. The Court, however, left open the door for Defendants to explore whether a particular Bellwether Plaintiff would place his or her mental health "in controversy" at trial by testifying to a specific psychological diagnosis *or* by offering testimony from a psychological expert on an award of damages for mental anguish, distress, or loss of enjoyment of life. *Id.* at 7 n.2. This rule has persisted throughout this litigation. *See, e.g.*, MDL ECF No. 1108 at 12; MDL ECF No. 1258 at 10; MDL ECF No. 1335 at 3; MDL ECF No. 1390 at 3.

Heeding the Court's suggestion, Defendants proceeded with discovery on the Bellwether Plaintiff's mental health conditions and claims.

In their Second Set of Interrogatories, Defendants included the following questions to the Bellwether Plaintiffs:

> **INTERROGATORY NO. 72:**
> State whether You intend to offer expert testimony relevant to (i) mental anguish, distress, or loss of enjoyment of life, or (ii) Any mental health condition with which You have been diagnosed. If so, please Describe the expert testimony You intend to offer.
>
> **INTERROGATORY NO. 73:**
> State whether You intend to offer any evidence at trial related to (i) mental anguish, distress, or loss of enjoyment of life, or (ii) Any mental health condition with which You have been diagnosed. If so, please Describe the evidence you intend to offer.

MDL ECF No. 36-1 at 6–7.

Plaintiff Hacker served his answers to these interrogatories on May 15, 2020.  *Id.* at 2.  In response to Interrogatory No. 72, he stated that he "does not intend to offer expert testimony to support a claim of mental anguish, distress, or loss of enjoyment of life" and "has not identified health conditions beyond his hearing loss and tinnitus on which Plaintiff intends to offer expert proofs."  *Id.* at 7.  In response to Interrogatory No. 73, he stated that he "does intend to offer evidence at trial related to the mental anguish, distress, and loss of enjoyment of life caused by the CAEv2" but "does not intend to offer expert testimony to support the claim of a specific diagnosed mental health condition caused by the CAEv2."  *Id.*  Plaintiff Hacker supplemented his interrogatory responses three times since then (in June

3

and July 2020), but he did not amend the above answers. ECF No. 36 at 6. Indeed, he relied on these representations in a successful attempt to avoid disclosure of his unredacted VA mental health records. MDL ECF No. 1248 at 16.

Nevertheless, on the last day of fact discovery (in October 2020), Plaintiff Hacker disclosed to Defendants Dr. Moises A. Arriaga as an expert in neurotology, otolaryngology, tinnitus, anxiety, and depression. ECF No. 55-3 at 2–3. Dr. Arriaga opines in his case-specific report that Plaintiff Hacker suffered "[t]innitus, [a]ggravation of [s]leep disorder, [a]nxiety[,] and PTSD" as a "direct cause" of using the CAEv2. ECF No. 36-3 at 22; *see also id.* at 24 ("While using the CAEv2 device from 2003 to 2010 and being exposed to both ongoing toxic noise levels and injurious impulse noise as discussed above, Mr. Hacker developed auditory injuries resulting in tinnitus and aggravation of his sleep disorder, anxiety, and PTSD symptom.").

Plaintiff Hacker also disclosed Dr. Christopher Spankovich as an expert in audiology, tinnitus, and synaptopathy. ECF No. 55-4 at 2–3. In his "general" report, Dr. Spankovich describes "sleep disturbance, concentration, loss of silence/feeling of inability to escape, and emotional/stress-based issues" as the "most common" effects of tinnitus

4

and states that tinnitus exacerbates PTSD.  ECF No. 36-4 at 49.  In his case-specific report, Dr. Spankovich opines that Plaintiff Hacker's tinnitus will have "significant consequences" for "the rest of his life[,]" including the "risk for cognitive decline."  ECF No. 36-5 at 14.  Dr. Spankovich relies on Plaintiff Hacker's representation that his tinnitus has "significant effects … on his daily function[,] including concentration, attention, sleep, ability to relax, and loss of quiet."  *Id.* at 13.

Defendants ask the Court to preclude the testimony from Dr. Arriaga and Dr. Spankovich described above.  ECF No. 36 at 9–10.  They assert this expert testimony "concerning his mental anguish claim and relating to conditions other than hearing loss and tinnitus is a reversal of his interrogatory answers."  *Id.*

A federal litigant must supplement or correct his or her response to an interrogatory "in a timely manner if the party learns that in some material respect the disclosure or response is complete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"  Fed. R. Civ. P. 26(e)(1).  When a party fails to do so, he or she "is not allowed to use that information … to supply evidence on a motion, at a hearing, at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.

5

37(c)(1).  Courts enjoy broad discretion under Rule 37(c)(1) to exclude evidence, *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019), and "will routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense," *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *1 (S.D. Fla. July 30, 2014) (citing *Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este,* 456 F.3d 272, 277–78 (1st Cir. 2006); *Bearint v. Dorell Juvenile Grp., Inc.,* 389 F.3d 1339, 1348–49 (11th Cir. 2004)); *see also B-K Lighting, Inc. v. Vision3 Lighting*, 930 F. Supp. 2d 1102, 1136 (C.D. Cal. 2013) ("A party's failure to supplement answers to interrogatories in a timely fashion can be grounds for exclusion of the undisclosed information." (citing *Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992))).

The Court concludes that Plaintiff Hacker violated the duty to supplement his interrogatory answers.[2]  As an initial matter, there is a clear inconsistency between Plaintiff Hacker's answers and his expert disclosures.  Assuming *dubitante*, as Plaintiff Hacker contends, that Dr. Arriaga and Dr. Spankovich will not "offer expert testimony regarding a

---

[2] Because this Court's ruling rests on the application of the Federal Rules of Civil Procedure, the undersigned will not address Defendants' argument for exclusion based on judicial estoppel.

6

specific mental health diagnosis resulting from his CAEv2 use[,]" ECF No. 55 at 8,[3] their opinions concerning the "significant effects" of his tinnitus on his daily function and the "aggravation" of any preexisting mental health conditions is expert testimony in support of his "garden variety" claims of mental anguish, distress, or loss of enjoyment of life, which he previously said that he would not present (in his response to Interrogatory No. 72).

Moreover, this information was not "otherwise … made known" to Defendants in a "timely manner." Fed. R. Civ. P. 26(e).  Plaintiff Hacker argues Defendants were put on notice during his deposition, when he "testified as to how his hearing issues aggravate his sleep apnea and PTSD[,]" and, again, when he "timely disclosed Drs. Arriaga and Spankovich[.]"  ECF No. 55 at 7.  This argument is unavailing for two reasons.  First, Plaintiff Hacker's cursory and vague deposition testimony about his own perception of an interaction between his tinnitus, sleep apnea, and PTSD, *id.* at 3, did not put Defendants on notice that Plaintiff

---

[3] This Court held in September 2020 that a Bellwether Plaintiff's claims for damages arising from his "frustration," "sleep issues," "focus issues," "irritability," and "social isolation" were more than "the typical garden-variety complaint of mental anguish or distress."  MDL ECF No. 1390 at 11; *see also Jakes v. Boudreau*, No. 19-C-2204, 2020 WL 5297007, at *2 (N.D. Ill. Sept. 4, 2020); *Trans v. Wells Fargo Bank, N.A.*, No. 3:15-cv-979-BR, 2017 WL 1234131, at *3 (D. Or. Jan. 20, 2017).  At bottom, "a party cannot inject his or her psychological treatment, condition, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues."  *Awalt v. Marketti*, 287 F.R.D. 409, 418–19 (N.D. Ill. 2012).

Hacker would offer expert testimony on the same topic, which, in turn, places his mental health in controversy. Second, Plaintiff Hacker's disclosures of Dr. Arriaga and Dr. Spankovich as experts were not in a "timely manner" during the "discovery process," as contemplated under Rule 26(e), because they were made on the last day of the fact discovery period. This left Defendants no time to reexamine their discovery plan and implement any changes thereto.

Under Rule 37(c)(1), exclusion is an "automatic sanction" that is meant to be "self-executing." Fed. R. Civ. P. 37 advisory committee's note. This leaves only the question of whether Plaintiff Hacker has shown that his failure to supplement his interrogatory answers was "substantially justified" or "harmless." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009); *King v. Akima Global Servs., LLC*, 323 F.R.D. 403, 410 (S.D. Fla. 2017). He has not.

"A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010). Here, the Court concludes there is substantial prejudice. Defendants understood Plaintiff Hacker's interrogatory answers as a representation that he would not place his mental health in controversy. They, in turn, formulated a

8

discovery plan that did not include depositions of his mental health care providers or even depositions of lay witnesses that explored the mental health conditions in issue. ECF No. 36 at 12–14. For example, Defendants did not "press the issue" when Plaintiff Hacker's former spouse refused to answer questions relating to any of Plaintiff Hacker's medical conditions other than hearing loss and tinnitus. ECF No. 36-9. Any lesser sanction (such as reopening the discovery period at this juncture) is not viable for the reasons stated by the Court in its January 15, 2021, order, MDL ECF No. 1611, so the only appropriate recourse for Plaintiff Hacker's failure to supplement his interrogatory answers is to preclude the above-described testimony of Dr. Arriaga and Dr. Spankovich.

Accordingly, it is **ORDERED** that Defendants' Motion to Preclude Testimony from [Plaintiff's] Experts Relating to Conditions that [Plaintiff] Claims Other than Hearing Loss and Tinnitus, ECF No. 36, is **GRANTED**.

**DONE AND ORDERED** this 25th day of January 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge
